# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTO ORTEGA,<br><br>                        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, a California corporation; PRIMARY FINANCIAL SERVICES, LLC; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; and DOES 1 through 20,<br><br>                        Defendants. | CASE NO. 09 CV 1531 JM (NLS)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; (2) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Doc. Nos. 13, 18 |

Plaintiff Modesto Ortega ("Ortega") initiated this lawsuit for claims arising out of a residential mortgage transaction. (Doc. No. 1). In response to Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss, Ortega filed a first amended complaint ("FAC"). (Doc. No. 10). In his FAC, Ortega raises five claims: (1) intentional misrepresentation, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 and 24 C.F.R. § 3500, (3) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601-1666j and 12 C.F.R. § 226, (4) violation of RESPA, 12 U.S.C. § 2601 *et seq.*, and (5) violation of California Civil Code section 1632. (Doc No. 10). Wells Fargo once again moves to dismiss the complaint. (Doc. No. 13). Ortega filed an opposition and a motion for leave to file a

second amended complaint, with a copy of his proposed second amended complaint attached. (Doc. Nos. 17, 18). In its reply, Wells Fargo urges the court to deny Ortega's motion for leave to file a second amended complaint. (Doc. No. 21).

The court finds this matter appropriate for disposition without oral argument. *See* Civ LR 7.1(d)(1). For the following reasons, the court hereby GRANTS IN PART and DENIES IN PART Wells Fargo's motion to dismiss and DENIES IN PART and GRANTS IN PART Ortega's motion for leave to file a second amended complaint.

## I. BACKGROUND

In April 2007, Ortega purchased a home in Calipatria, California with financing obtained from Wells Fargo. (FAC ¶ 6-7). Ortega, who does not speak English, negotiated the loan in Spanish with Wells Fargo's employee Claudia Suarez-Narvaez ("Suarez-Narvaez"). (FAC ¶ 7, 23). Nonetheless, all of the loan documents were in English. (FAC ¶ 7). At some point, Ortega stopped making payments on the mortgage. (FAC ¶ 16). Eventually, the property went into foreclosure and was sold at a trustee's sale. (FAC ¶ 19).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

### A. Intentional Misrepresentation

1    Ortega's first claim against Wells Fargo is for intentional misrepresentation. Ortega
2 claims that during the loan application process, Wells Fargo, through its agent Claudia Suarez-
3 Narvaez, "instead of using [Ortega's] actual income submitted the application based upon
4 stated income." (FAC ¶ 24). In addition, Suarez-Narvaez "submitted the loan unsigned by the
5 Plaintiff." (FAC ¶ 25). Finally, "Suarez-Narvaez further concealed the fact that underwriting
6 standards are important to the borrowers as well as the lenders as they are an indication of the
7 borrower's ability to pay back the loan." (FAC ¶ 25).

8    Under California law, the elements of fraud are false representation, knowledge of its
9 falsity, intent to defraud, justifiable reliance, and damages. *See Bank of the West v. Valley*
10 *Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994) (citation and quotation marks omitted).
11 Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule
12 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy*
13 *Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied
14 by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting
15 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than
16 the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false
17 or misleading about a statement, and why it is false.'" *Id.* (quoting *Decker v. GlenFed, Inc.*
18 (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)). On a claim for fraud,
19 then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting
20 fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v.*
21 *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted). "While
22 statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere
23 conclusory allegations of fraud" are not. *Id.* Further, Rule 9(b) requires a plaintiff to attribute
24 particular fraudulent statements or acts to individual defendants. *Id.*

25    Ortega's complaint fails to meet the particularity standards imposed by Rule 9.
26 Although Ortega attributes false statements to a particular person, Suarez-Narvaez, the details
27 of the false statements are still missing. The complaint still fails to allege what was said, how
28 those statements were false, and how they damaged Ortega. In addition, Ortega fails to allege

1  that anyone made false statements to him. Therefore, Ortega's claim for intentional
2  misrepresentation is insufficiently pled. As such, Wells Fargo's motion to dismiss this claim
3  is granted.

### B.  Violation of RESPA (12 U.S.C. § 2605)

Ortega's second claim against Wells Fargo is for violation of RESPA, 12 U.S.C. § 2605(e). Ortega alleges that on May 20, 2009 he, through counsel, "sent a Qualified Written Request ("QWR") via certified mail to Wells Fargo." (FAC ¶ 34). At the time, "payments were received by Wells Fargo acting as the loan servicer." (FAC ¶ 33). Ortega's QWR sought various information about the loan, including amounts owed, trustees, note holders, and payment history. (FAC ¶ 34). Wells Fargo responded on June 26, 2009, but did not fully provide the requested information. (FAC ¶ 35).

Section 2605(e) requires "any servicer of a federally related mortgage loan" to acknowledge receipt of a "qualified written request" within twenty days of receipt. In addition, the loan servicer must, within sixty days of receipt, "make appropriate corrections in the account," or conduct an investigation and provide the borrow with a written explanation of why no corrections are warranted or why the information requested is unavailable. *See* 12 U.S.C. § 2605(e).

Ortega has sufficiently pled a claim for violation of section 2605(e). Contrary to Wells Fargo's assertion, Ortega need not attach a copy of the QWR to his complaint in order to put Wells Fargo on notice of the claim against it. *See* Fed. R. Civ. P. 8(a). Wells Fargo's other assertions are equally meritless. Ortega alleges both that Wells Fargo was the loan servicer and that Ortega is entitled to both actual and statutory damages. In addition, section 2506(e) specifically allows an agent of the borrower to submit a QWR on behalf of the borrower, therefore it was appropriate for Ortega's counsel to send the QWR. *See* 12 U.S.C. § 2605(e)(1)(A). Therefore, Wells Fargo's motion to dismiss Ortega's claim for violation of section 2605 is denied.

### C.  Violation of TILA

Ortega's third claim against Wells Fargo is for violation of TILA, 15 U.S.C. § 1601, *et*

*seq.* A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. §1640(e). The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. *King v. State of California*, 784 F.2d 910, 914-15 (9th Cir. 1986).

Ortega received the loan in April 2007. Ortega then brought this action in July of 2009, more than a year after the statute of limitations expired. Ortega does not allege any facts to suggest that equitable tolling is appropriate; any irregularities in the loan would have been apparent from the face of the documents he received at closing. Therefore, the court grants Wells Fargo's motion to dismiss Ortega's TILA claim.

### D. Violation of RESPA (12 U.S.C. § 2601, *et seq.*)

Ortega's fourth claim against Wells Fargo is for violation of RESPA, 12 U.S.C. §§ 2601-2617. Ortega claims that Wells Fargo failed to provide required disclosures during the settlement of his mortgage loan, including an initial good faith estimate, a final good faith estimate, a notice of assignment, sale, or transfer of servicing rights, and an escrow account disclosure. While RESPA does indeed require these disclosures, it does not provide a private right of action to enforce them. *See Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994). While a private right of action exists under sections 2607 and 2608, *see id.* at 1384, these sections are not at issue here.

Moreover, even if a private right of action were available, the statute of limitations applicable to RESPA claims—other than those pursuant to section 2605—is one year. *See* 12 U.S.C. § 2614. As Ortega had constructive notice of his claims in April 2007 and did not file suit until July 2009, Ortega's claim is barred by the statute of limitations.

For the foregoing reasons, Wells Fargo's motion to dismiss Ortega's fourth claim is granted. The court finds that amendment of this claim would be futile, therefore leave to amend is denied.

### E. Violation of California Civil Code § 1632

Ortega's fifth claim against Wells Fargo is for violation of California Civil Code § 1632(b). Ortega alleges that he is a Spanish speaker, that the loan was negotiated entirely in Spanish, and that all of the loan documents and contracts were provided to him in English only. California Civil Code § 1632(b) provides that:

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into [certain agreements], shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated.

Generally, the California provision excludes loans secured by real property. *See* Cal. Civ. Code § 1632(b)(2). However, § 1632(b)(4) states that notwithstanding the exclusion of loans secured by real property, the statute does apply to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provision of Article 7 (commencing with Section 10240) of Chapter 3 of Part I of Division 4 of the Business and Professions Code." The cited section of the California Business and Professions Code, in turn, applies to certain loans secured by real property which are negotiated by a real estate broker. *See* Cal. Bus. & Prof. Code § 10240.

Nonetheless, to take advantage of the exception outlined in § 1632(b)(4), Ortega must allege that Wells Fargo either acted as the real estate broker or had a principal-agent relationship with the broker who negotiated his loan. *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1167 (S.D. Cal. 2009); *Alvara v. Aurora Loan Servs., Inc.*, No. C-09-1512 SC, 2009 WL 1689640, at *3 (N.D. Cal. Jun. 16, 2009). Ortega does not allege that Wells Fargo is a real estate broker and has not alleged sufficient facts to establish the existence of an agency relationship. Accordingly, the court grants Wells Fargo's motion to dismiss Ortega's cause of action for violation of California Civil Code § 1632(b).

**IV.    MOTION FOR LEAVE TO AMEND**

Ortega moves for leave to amend his complaint, and attaches a proposed second amended complaint to his opposition to Wells Fargo's motion to dismiss. (Doc. Nos. 18, 17). The proposed second amended complaint makes only minor changes that fail to address the deficiencies of his first amended complaint as outlined in this order. In particular, the

1  proposed second amended complaint does not add sufficient factual allegations to the
2  intentional misrepresentation claim to meet the requirements of Federal Rule of Civil
3  Procedure 9.

4  The proposed second amended complaint alleges—in an apparent attempt to plead
5  equitable tolling—that Ortega did not learn of the irregularities in his loan documents until he
6  received a forensic review of his loan documents. However, this allegation is insufficient to
7  plead equitable tolling, which must at least include facts showing that Ortega did not have a
8  reasonable opportunity to discover the violation within the statute of limitations. *King v. State*
9  *of California*, 784 F.2d 910, 914-15 (9th Cir. 1986).

10 Therefore, the court denies Ortega's motion for leave to amend his complaint insofar
11 as he intends to file the proposed second amended complaint. Because amendment of Ortega's
12 claims is not necessarily futile, however, the court grants leave to amend a second amended
13 complaint that addresses the deficiencies outlined in this order.

14 **V.   CONCLUSION**

15 For the foregoing reasons, the court hereby GRANTS IN PART and DENIES IN PART
16 Defendant Wells Fargo's motion to dismiss. The court DENIES Ortega's motion for leave to
17 amend with the proposed second amended complaint filed with his opposition. (Doc. No. 17).
18 However, the court GRANTS Ortega leave to amend his complaint, addressing the deficiencies
19 outlined above, no later than March 12, 2010.

20 **IT IS SO ORDERED.**
21 DATED: February 23, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge