**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MODESTO ORTEGA,<br><br>　　　　Plaintiff,<br>　vs.<br><br>WELLS FARGO BANK, a California corporation; PRIMARY FINANCIAL SERVICES, LLC; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; and DOES 1 through 20,<br><br>　　　　Defendants. | CASE NO. 09 CV 1531 JM (NLS)<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS**<br><br>Doc. No. 24 |

   Plaintiff Modesto Ortega ("Ortega") initiated this lawsuit for claims arising out of a residential mortgage transaction. (Doc. No. 1). After the court granted in part and denied in part Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Ortega's first amended complaint (Doc. No. 22), Ortega filed a second amended complaint ("SAC"). (Doc. No. 23). In his SAC, Ortega raises four claims: (1) intentional misrepresentation; (2) fraudulent concealment; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and (4) violation of the Truth In Lending Act ("TILA"). (Doc No. 22). Wells Fargo now moves to dismiss the intentional misrepresentation, fraudulent concealment, and TILA claims. (Doc. No. 24). Ortega filed an opposition and Wells Fargo filed a reply. (Doc. Nos. 25, 26).

The court finds this matter appropriate for disposition without oral argument. *See* Civ LR 7.1(d)(1). For the following reasons, the court hereby GRANTS Wells Fargo's motion to dismiss without leave to amend.

## I. BACKGROUND

In April 2007, Ortega purchased a home in Calipatria, California, with financing obtained from Wells Fargo. (SAC ¶¶ 6-7). Ortega, who does not speak English, negotiated the loan in Spanish with Wells Fargo's employee Claudia Suarez-Narvaez ("Suarez-Narvaez"). (SAC ¶ 7). Nonetheless, all of the loan documents were in English. (SAC ¶ 7). At some point, Ortega stopped making payments on the mortgage. (SAC ¶ 18). Eventually, the property went into foreclosure and was sold at a trustee's sale. (SAC ¶¶ 19, 20).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

### A. Intentional Misrepresentation / Fraudulent Concealment

Ortega's first claim against Wells Fargo is for intentional misrepresentation; his second claim is for fraudulent concealment. Ortega claims that during the loan application process, Wells Fargo, through its agent Claudia Suarez-Narvaez, "instead of using [Ortega's] actual income, submitted the application based upon stated income." (SAC ¶ 25). In addition,

Suarez-Narvaez "submitted the loan unsigned by the Plaintiff." (SAC ¶ 26). Finally, "Suarez-Narvaez further concealed the fact that underwriting standards are important to the borrowers as well as the lenders as they are an indication of the borrower's ability to pay back the loan." (SAC ¶ 26).

Under California law, the elements of fraud are false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages. *See Bank of the West v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994) (citation and quotation marks omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)). On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Id.* Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. *Id.*

Ortega's second amended complaint, like his first amended complaint, fails to meet the particularity standards imposed by Rule 9. Indeed, Ortega makes only insubstantial changes to his fraud allegations as compared to the allegations within the first amended complaint. In the court's order dismissing the first amended complaint, the court held,

> Although Ortega attributes false statements to a particular person, Suarez-Narvaez, the details of the false statements are still missing. The complaint still fails to allege what was said, how those statements were false, and how they damaged Ortega. In addition, Ortega fails to allege that anyone made false statements to him. Therefore, Ortega's claim for intentional misrepresentation is insufficiently pled.

1  These deficiencies are still present in Ortega's second amended complaint, and apply equally
2  well to Ortega's fraudulent concealment cause of action.  As such, Wells Fargo's motion to
3  dismiss this claim is granted.  Furthermore, as Ortega demonstrates an inability to address the
4  deficiencies in his complaint through amendment, the court finds that further leave to amend
5  would be futile.

6  **C.      Violation of TILA**

7  Ortega's fourth claim against Wells Fargo is for violation of TILA, 15 U.S.C. § 1601,
8  *et seq*.  A request for any damages under TILA is subject to a one-year statute of limitations,
9  typically running from the date of the loan execution.  15 U.S.C. §1640(e).  The Ninth Circuit
10 has held equitable tolling of civil damages claims brought under TILA may be appropriate "in
11 certain circumstances," such as when a borrower might not have had a reasonable opportunity
12 to discover the nondisclosures at the time of loan consummation.  *King v. State of California*,
13 784 F.2d 910, 914-15 (9th Cir. 1986).

14 Ortega received the loan in April 2007.  Ortega then brought this action in July of 2009,
15 more than a year after the statute of limitations expired.  Ortega alleges that he

> is entitled to equitable tolling because the Plaintiff was in no position to discover the violation of TILA until a forensic review of his loan documents was conducted on April 30, 2009.  Plaintiff is not a mortgage professional and would be unable to analyze whether the Truth in Lending Statements understated the amount financed and the APR.  Plaintiff received an adjustable rate mortgage, which would made [sic] determining whether the Truth in Lending Statement was accurate impossible unless the Plaintiff has extensive mortgage experience with adjustable interest rates such as LIBOR index, upon which interest rates are based.  Therefore, the statute of limitations tolled on or about April 30, 2009.

21 (SAC ¶ 60).  Further, Ortega argues that equitable tolling is appropriate because his loan
22 documents were not provided in Spanish.  *Cf. Pelayo v. Home Capital Funding*, No. 08-cv-
23 2030 IEG (POR), 2009 WL 1459419 at *5 (S.D. Cal. May 22, 2009) (finding equitable tolling
24 sufficiently pled where a Spanish speaker received loan documents in only English).

25 Nonetheless, the court finds Ortega's allegations insufficient to equitably toll the statute
26 of limitations.  Ortega did not conduct his "forensic review" until two years after receiving the
27 loan, and only a few weeks before receiving a Notice of Trustee's Sale on May 13, 2009.
28 Therefore, it seems Ortega did not question the propriety of his loan documents until months

1 after he stopped paying his mortgage. Even with the obstacles of a complicated loan and a language barrier, Ortega does not allege facts demonstrating due diligence on his part in understanding his loan documents before the statute of limitations ran. Any irregularities in Ortega's loan would have been apparent from the face of the documents he received at closing. Ortega's belated efforts at finding the alleged irregularities preclude his TILA claim. Therefore, the court grants Wells Fargo's motion to dismiss Ortega's TILA claim.

## V.   CONCLUSION

For the foregoing reasons, the court hereby GRANTS Defendant Wells Fargo's motion to dismiss the intentional misrepresentation, fraudulent concealment, and TILA claims without leave to amend. Wells Fargo shall file an answer to Plaintiff's RESPA claim no later than June 11, 2010.

**IT IS SO ORDERED.**

DATED: May 11, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge